SCOTT ERIK ASPHAUG, OSB #833674
Acting United States Attorney
District of Oregon
**JEFFREY S. SWEET, OSB #994183**
Assistant United States Attorney
jeff.sweet@usdoj.gov
405 East 8th Avenue, Suite 2400
Eugene, Oregon 97401
Telephone:  (541) 465-6771
Attorneys for the United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 6:21-mj-00066-MK |
| v. | **UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR PRETRIAL RELEASE** |
| **GREGORY WAYNE FERGUSON JR.,** | |
| **Defendant.** | |

Defendant Gregory Ferguson sold methamphetamine and a short barrel rifle which he manufactured.  And he did so while on pretrial release in state cases for which he failed to appear.  When arrested, Ferguson had three pistols on his person.  His use of methamphetamine, criminal conduct while on pretrial release, manufacture and sale of a short barrel rifle, distribution of methamphetamine and his deep involvement with firearms combine to make him a danger to the community and a flight risk.

### STATUS OF THE CASE

Ferguson was charged by complaint in the District of Oregon on March 15, 2021, with distribution of 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1),

(b)(1)(A)(viii), and possessing a firearm made in violation of the National Firearms Act in violation of 26 U.S.C. § 5861(c), and a warrant for his arrest was issued. He was arrested in Oregon on March 16, 2021, and had an initial appearance and detention on March 17, 2021 in front of the Honorable Mustafa T. Kasubhai, United States Magistrate Judge. This Court ordered Ferguson detained, without prejudice, both to assure his appearance and to assure the safety of the community, noting the following factors: Substance abuse; Prior failure(s) to appear; Nature of offense; and, Possession of weapon(s).

## FACTUAL BACKGROUND

An ATF Undercover Special Agent (UC/SA) purchased a short barrel rifle from Ferguson on January 26, 2021 at his residence. Ferguson explained to the UC/SA that every firearm sold in a retail store has been fired and all the ballistic information is retained, which is why Ferguson manufactures firearms. Ferguson described the firearms he produces as "ghost guns" and said the firearms are capable of being suppressed. When the UC/SA asked if this particular firearm is



"fully" (fully automatic), Prater and Ferguson replied in the negative, and Ferguson said, "no but I can make it that way". The UC/SA asked about the short barrel on the rifle, and Ferguson explained how it was made for "close combat". Ferguson said that a fully automatic weapon would cost

**United States' Response to Defendant's Motion for Pretrial Release**             **Page 2**

$25,000, and that the barrel of the short barrel rifle is "threaded" … "to put a can on it". A "can" refers to a silencer. Ferguson said the rifle is a "ghost gun… has no serial numbers" and cannot be traced. The UC/SA fired the firearm with Ferguson, and paid $1500, split into two payments.

On February 4, 2021, the UC/SA purchased a quarter pound of methamphetamine from Ferguson. The price was $1,300 and Ferguson retrieved the methamphetamine from his bedroom, where the UC/SA saw a shotgun, rifles and a pistol.

On March 16, 2021, Ferguson and the UC/SA met at Ferguson's residence. They drove away, purportedly to look at a machine that would help manufacture a part to convert a firearm to an automatic firearm. Ferguson brought three pistols with him, and said that, "I always put one on me, I always carry one. I have to, I have to, because of when I'm in the service, like if I don't have a piece, I feel uh, I don't feel right, I have anxiety. I take a shower with one." Ferguson was arrested shortly after.

Ferguson engaged in this conduct while on pretrial supervision in multiple cases in Douglas County, Oregon. His pending charges are: Unlawful Use of a Weapon, Menacing, Recklessly Endangering Another Person, Pointing a Firearm at Another, Delivery and Possession of Methamphetamine, Attempt to Elude and Reckless Driving. Additionally, his CCH shows three separate arrests for violation of a release agreement. Finally, Ferguson has a pattern of failing to appear for court—including before any COVID related confusion. At various times in his three pending cases, he failed to appear as follows:

- August 30, 2019        Motion hearing
- October 31, 2019       Hearing
- November 7, 2019       Pretrial conference
- November 13, 2019      Status check hearing

**United States' Response to Defendant's Motion for Pretrial Release**                                    **Page 3**

- December 9, 2019    Status check hearing

- October 21, 2020    Pretrial conference

## APPLICABLE LAW

A.   **Rules of Evidence Do Not Apply at a Detention Hearing**

The Federal Rules of Evidence do not apply in detention proceedings. Fed. R. Evid. 1101(d)(3); 18 U.S.C. § 3142(f).  Accordingly, both the government and the defense may present evidence by proffer or hearsay. *United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986); *see also United States v. Bibbs*, 488 F. Supp. 2d 925, 925, 26 (N.D. Cal. 2007).

B.   **Standard and Burden**

Under the governing bail statute, 18 U.S.C. § 3142, the government bears the burden of proving by a preponderance of the evidence that a defendant is a flight risk; community danger requires clear and convincing proof.  *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015).  Four factors help guide release decisions: (1) the nature and circumstances of the offense; (2) the weight of the evidence; (3) the nature and seriousness of the danger posed to the community; and (4) defendant's history and characteristics. 18 U.S.C. § 3142(g).

Ferguson is charged with distribution of 50 grams or more of methamphetamine, which carries a 10-year mandatory minimum sentence, and possessing a firearm made in violation of the National Firearms Act.  The drug crime gives rise to a statutory rebuttable presumption that no condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(3)(A).

Although the burden of persuasion remains on the government, the presumption shifts the burden of production to the defendant.  *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).  Even if the presumption is rebutted, however, the presumption does not disappear, but

continues to carry evidentiary weight.  *Id*. ("The presumption is not erased when a defendant proffers evidence to rebut it; rather the presumption remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)." (*citing United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir.1986)).

Further, the severity of the punishment underscores the crimes' seriousness and also contributes to his risk of nonappearance. *Santos-Flores*, 794 F.3d at 1092 (recognizing that the severity of the anticipated punishment favors detention).

## ARGUMENT

While on pretrial release Ferguson manufactured and sold an illegal firearm and sold methamphetamine.  And he had multiple firearms in the room where he kept his methamphetamine.  Ferguson boasted about making not just ghost guns, but his ability to make automatic weapons and how the short barrel rifle he sold the ATF was threaded for a silencer.  His fixation with firearms is such that he took three pistols with him on a ride with the ATF.

Ferguson's history of failing to appear is also troubling.  And to the extent his failures to appear are a product of his drug use, that is just another way in which he violated his pretrial release.  Firearms and drugs are an integral part of Ferguson's life, and the consequences of relapse are high.  Not only does he pose a danger to the community, but trying to apprehend Ferguson should he fail to appear poses a real risk to law enforcement given the toxic combination of guns and methamphetamine.

\\\

\\\

\\\

\\\

**United States' Response to Defendant's Motion for Pretrial Release**  **Page 5**

## CONCLUSION

Gregory Ferguson poses a danger to the community and a serious flight risk, and he should be detained.

Dated: April 27, 2021

Respectfully submitted,

SCOTT ERIK ASPHAUG
Acting United States Attorney

s/ *Jeffrey S. Sweet*
JEFFREY S. SWEET
Assistant United States Attorney